George H. TIPP, Appellant,

v.

Clifford MACK and Annie Mae Mack, Appellees.

No. 2644.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 17, 1960.

Decided Jan. 19, 1961.

Leonard C. Collins, Washington, D. C., for appellant.

Julius W. Robertson, Washington, D. C., with whom Robertson & Roundtree, Washington, D. C., was on the brief, for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This action was brought by Clarence M. Plitt to recover from appellees Mack, makers of a promissory note secured by second deed of trust, the balance due after foreclosure. The Macks, by third-party complaint, sought judgment against appellant Tipp for the amount of any judgment rendered against them, plus punitive damages. After trial without a jury judgment was entered in favor of Plitt against the Macks for $2,069.44, with interest to date of judgment amounting to $623.59.[1] Judgment was also granted the Macks against Tipp for $2,693.03 compensatory damages and $300 punitive damages. This appeal is by Tipp from the judgment against him on the third-party complaint.

The evidence, largely undisputed, showed that the Macks had been owners of a home on G Street, subject to first and second deeds of trust. They became interested in buying a home on Illinois Avenue and approached Tipp regarding this purchase. He agreed to sell them the Illinois Avenue property for $14,950, and as part of the purchase price to allow them $1,100 for their equity in the G Street property. They conveyed the G Street property to Tipp, paid $400 in cash and executed first and second deeds of trust on the Illinois Avenue property for the balance. We say that the Macks conveyed the G Street property to Tipp although one Samuels was the grantee in the deed; for the trial court found, over Tipp's denial, that Samuels was a straw party for Tipp.

In a transaction not clearly explained by Tipp, he had Samuels convey the G Street

1. This action was originally filed in 1955 in the United States District Court for the District of Columbia and claimed $3,268.97. It was pre-tried by the District Court in 1958 and again in 1959. In 1960 it was certified to the Municipal Court under Code 1951, 11-756(a), Supp. VIII. We were told at argument, and the same statement appears in the transcript, that certification took place after two days' trial in the District Court. We think it proper to mention that the statute authorizes certification when "it shall appear to the satisfaction of the court *at any time prior to trial thereof* that the action will not justify a judgment in excess of $3,000." (Emphasis added.) We find no authority for certification by the District Court either during or after trial.

property to one May who is now dead. Payments on the second deed of trust note became in default and there was a foreclosure resulting in the deficiency for which this action was brought by Plitt, owner of the note, against the Macks, makers of the note.

The testimony of the Macks, which was accepted by the trial court, was that when they took title to the Illinois Avenue property and conveyed title to the G Street property, Tipp told them they would not have to make any more payments on the G Street property; that otherwise they would not have entered into the transaction as they were not financially able to make payments on both properties.

The trial court stated it was satisfied that the Macks were led to believe by Tipp that on purchase of the Illinois Avenue property they were relieved of any further obligations on the G Street property; and that if that was not so Tipp was under a duty to inform them of the true situation.

We think the trial court was right. The transaction between Tipp and the Macks was not an arms-length deal between equally competent parties. Tipp was an experienced real estate business man. The Macks were a couple of limited education with little or no knowledge of real estate transactions. They had no legal advice in the matter and it is apparent that they relied on Tipp. Tipp new of their limited financial means and that those means would be stretched to the limit in keeping up payments on the Illinois Avenue property. Knowing all this, Tipp, who drew the contract of sale for the G Street property, provided that his straw should take title "subject" to the trusts, striking out from the form the word "assume." It is true the Macks signed this contract, but it is equally true they had no realization of the difference between assuming a trust and taking title subject to a trust. Tipp assured the Macks that they would no longer have to make payments on the G Street house, and

he should not be allowed to complain that they believed what he told them.

We find no reason for disturbing the judgment of the trial court.

Affirmed.

Chief Judge ROVER sat during the argument of this case but died before it was decided.